CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 11 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MUHAMMAD UDDIN, | ) | CASE NO. 7:17CV00067 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NORTHWESTERN REG. ADULT | ) | |
| DET. CTR., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Muhammad Uddin, a Virginia jail inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging inadequate medical care in jail. Upon review of the record, the court finds that the action must be summarily dismissed.

Uddin states that he is incarcerated at the Northwestern Virginia Regional Adult Detention Center ("the jail"). When he complained to the medical staff about swollen and bleeding gums in November 2016, a dentist assessed him on December 8 and said that his gum condition was normal. After Uddin injured his elbow, a nurse examined him and said the elbow was fractured or chipped, contrary to Uddin's belief, and denied his request to go to the hospital for x-rays. At that same visit, Uddin told the nurse that he needed an x-ray of his stomach after drinking out-dated milk that made him unable to eat for five meals. The nurse refused this request. In addition, Uddin complains that he does not always receive his prescribed medication for a back problem as scheduled, and that he has not been sent to a hospital to be sure that four lumps on his spine are not cancerous. Uddin also faults staff for denying him free copies of his medical records.

The jail's doctor allegedly prescribed weekly finger sticks for a month for Uddin, who says that he is diabetic. Uddin contends that the jail nurses only carried out one of these finger

sticks. He also allegedly complained on January 27, 2017, about a purplish toe being infected, but received no medical follow up. On January 27, Uddin claims that he "blacked out" and fell, striking his head on concrete. When a nurse came to assess him, Uddin said that the left side of his head was "throbbing." (Compl. 4, ECF No. 1.) The nurse told him, "[L]et me know if you need anything else." (Id.) Uddin contends that he should have been checked for a concussion.

In his § 1983 complaint, filed February 16, 2017, Uddin sues the jail. On the § 1983 form asking what relief he seeks in this action, Uddin seeks "enadequate [sic] medical care, race discrimination pain and suffering." (Id.)

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The only entity that Uddin names as a defendant to his § 1983 claims is the jail itself. The jail, however, is not a "person" subject to suit under § 1983. McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding jail immune from suit and not a person for purposes of § 1983). See also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because Uddin fails to state facts regarding actions that any particular jail official undertook in violation of his constitutional rights, Uddin's complaint presents no legal or factual basis for a claim actionable under § 1983.

2

For the stated reason, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), as frivolous.[1] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of April, 2017.

/s/ Conrad
Chief United States District Judge

---

[1] In any event, Uddin's current allegations do not state any constitutional claim actionable under § 1983 against anyone. He does not state facts showing a serious medical need for treatment different than he has received, and his disagreement with the medical judgments of the jail's medical staff do not support any constitutional claim. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (holding that only a prison official's deliberate indifference to inmate's serious medical needs violates the Eighth Amendment); Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (holding deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment'") (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)). See also Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable").

3